# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:21-cv-00014-MR

| | |
|---|---|
| JOEL MICHAEL CLIETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| DUSTIN GOINS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se Letter [Doc. 47] that is construed as a Motion for Temporary Restraining Order.

The incarcerated pro se Plaintiff filed the Complaint pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution. [Doc. 1]. On August 26, 2021, the Complaint passed initial review against four Alexander CI correctional officers for the use of excessive force and failure to intervene. [Doc. 19]. Dispositive Motions are due on September 9, 2022. [See text-only Order entered on July 27, 2022].

Presently before the Court is the Plaintiff's Motion seeking a temporary restraining order that would require the Defendants to stay away from the Plaintiff until this case is resolved. He asserts that he is being harassed and retaliated against for having filed this lawsuit. Specifically, he claims that he

is being forced to a new cell every 30 to 45 days; he was placed in segregation on April 9, 2022; and his lawsuit package was thrown away.

Preliminary injunctive relief is an extraordinary remedy afforded before trial at the discretion of the district court. In re Microsoft Corp. Antitrust Litig., 333 F.3d 517, 524-26 (4th Cir. 2003). It is an extraordinary remedy never awarded as of right. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." Amoco Prod. Co. v. Village of Gambell, 480 U.S. 531, 542 (1987). To obtain a preliminary injunction, the plaintiff must establish (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter, 555 U.S. at 20.

The Plaintiff has not established any of the elements that would warrant preliminary injunctive relief. Therefore, his Motion is denied.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Letter [Doc. 47] is construed as a Motion for Temporary Restraining Order and is **DENIED**.

**IT IS SO ORDERED.** Signed: July 29, 2022

Martin Reidinger
Chief United States District Judge