# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL CASE NO. 5:21-cv-00014-MR

| JOEL MICHAEL CLIETT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| DUSTIN GOINS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Defendants' Motion for Summary Judgment [Doc. 56]. Also pending are the Plaintiff's *pro se* "Request to Review All Video Footages and to See All Discovery" [Doc. 62] and "Motion of Request for Extension for Affidavit" [Doc. 66].

## I. BACKGROUND

The incarcerated Plaintiff Joel Michael Cliett, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution.[1] The Plaintiff's unverified Complaint[2] [Doc. 1: Complaint] passed initial review with respect to the

---

[1] The Plaintiff is presently incarcerated at the Granville Correctional Institution.

[2] The Complaint is not signed under penalty of perjury. See 28 U.S.C. § 1746. It contains a Notarial Certificate which indicates only that the Plaintiff signed the Complaint. [Doc. 1

Plaintiff's claim for use of excessive force against correctional sergeant Dustin Goins ("Sergeant Goins"); correctional sergeant Charles Moss ("Sergeant Moss"); correctional officer Michael Baker ("Officer Baker"); and correctional officer Jonathan Poteat ("Officer Poteat"); and with respect to the Plaintiff's claim for failure to intervene against Sergeant Goins. [Doc. 19]. The Plaintiff seeks compensatory and punitive damages, injunctive relief, and a jury trial. [Doc. 1: Complaint at 10].

The Defendants filed the instant Motion for Summary Judgment. [Doc. 56]. Thereafter, the Court entered an Order in accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 61: <u>Roseboro</u> Order]. The Plaintiff filed an Affidavit in response to the Motion for Summary Judgment.[3] [Doc. 68]. The Defendants did not file a reply, and the time to

---

at 12]. Such certification is not the equivalent of a verification or affidavit, and it is not a certification that the Plaintiff swore to the truth of the Complaint's contents. <u>See</u> <u>generally</u> N.C. Gen. Stat. § 10B-41 (describing notarial certificate of acknowledgement); <u>Pratt v. Allbritton</u>, No. 4:16-cv-00198-BR, 2018 WL 4610151, at *7 (E.D.N.C. Aug. 8, 2018), *report and recommendation adopted*, No. 4:16-cv-198-BR, 2018 WL 4604522 (E.D.N.C. Sept. 21, 2018), *aff'd sub nom.* <u>Pratt v. Albriton</u>, 764 F. App'x 343 (4th Cir. 2019). Nor is the Plaintiff's "Affidavit" verified or notarized. [Doc. 39: Plaintiff's "Affidavit" (stating "Notary lady hasn't shown up yet")]. Accordingly, these materials will not be considered in the summary judgment analysis.

[3] The Affidavit was timely filed under the prisoner mailbox rule. Accordingly, the Plaintiff's Motion requesting an extension of time to file his Affidavit is denied as moot. [Doc. 66: Request for Extension].

2

do so has expired. Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat

3

a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Namely, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To that end, only evidence admissible at trial may be considered by the Court on summary judgment. Kennedy v. Joy Technologies, Inc., 269 F. App'x 302, 308 (4th Cir. 2008) (citation omitted).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. Facts, however, "must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007). As the Supreme Court has emphasized,

> "[w]hen the moving party has carried its burden under Rule 56(c), the opponent must do more than simply show there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986)

4

> (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-28, 106 S. Ct. 2505 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

Scott, 550 U.S. at 380.

## III. FACTUAL BACKGROUND

The parties' forecasts of evidence show the following, which is undisputed except as otherwise noted.

On September 17, 2020, inmate Marcus Fox set a fire in his cell. [Doc. 58-5: Goins Affid. at ¶ 5; Doc. 58-6: Moss Affid. at ¶ 6; Doc. 58-7: Baker Affid. at ¶ 7]. Multiple officers responded, including Sergeant Goins, Sergeant Moss, and Officer Baker. [See Doc. 58-6: Moss Affid. at ¶ 6]. Officer Poteat was not working that day. [Doc. 58-8: Poteat Affid. at ¶ 5].

As inmates were being evacuated from the wing due to Fox's fire, the Plaintiff started a fire in his own cell. [Doc. 58-6: Moss Affid. at ¶ 6]. Officers

5

Shannon Smith[4] and B. Wilkinson[5] used fire extinguishers through the trap door in the Plaintiff's cell to put out the flames. [Doc. 58-2: Defense Ex at 29 (Smith Stmt.); id. at 32 (Wilkinson Stmt.); id. at 24 (Goins Stmt.)]. The Plaintiff was handcuffed through the trap, and the cell door was opened. [Doc. 58-6: Moss Affid. at ¶ 7; Doc. 58-2: Defense Ex at 32 (Wilkinson Stmt.); id. at 26 (Robbins Stmt.)].

Once the cell door was opened, the Plaintiff was "forced out of [his] cell and slammed up against the rails." [Doc. 68: Plaintiff's Affid. at 1]. Then "several officers[6] started punching & beating [him] in [his] head, [he] was hit in the face with a fire extinguisher [and] was slammed onto the floor." [Id.]. The Plaintiff denies that he rushed out of the cell or was swinging his arms at the officers.[7] [Id.]. When he was being escorted to medical, one of the escorting officers tried to force the Plaintiff to look at the floor so the camera

---

[4] Officer Smith is not a Defendant in this case.

[5] Officer Wilkinson is not a Defendant in this case.

[6] There is no forecast of evidence as to who these "several officers" were.

[7] According to the Defendants, the Plaintiff "rushed out [of the cell] and attempted to hit staff by swinging his hands wildly." [Doc. 58-6: Moss Affid. at ¶ 8]. Sergeant Moss and Sergeant Hayden Robbins, who is not named as a defendant in this action, "placed inmate Cliett on the ground and gained control of him," then escorted the Plaintiff to medical and placed him in full restraints. [Doc. 58-6: Moss Affid. at ¶¶ 9-10; Doc. 58-2: Defense Ex at 24 (Moss Stmt.)]. Sergeant Moss was injured while attempting to restrain and remove the Plaintiff. [Doc. 58-6: Moss Affid. at ¶ 11].

6

could not see that the beating had resulted in a broken nose. [Id. at 2]. In the nurse's station, "another officer rushed in and punched [him] in the right side of the face while [he] was being held down on a gurney for Nurse Puckett to stop [his] nose from bleeding…."[8] [Id. at 3].

There is no forecasted evidence that Sergeant Goins and Officer Baker were involved in the incident concerning the Plaintiff, or that they used any force against him. [Doc. 58-5: Goins Affid. at ¶¶ 7, 10; Doc. 58-7: Baker Affid. at ¶¶ 9, 11]. Further, there is no evidence that Sergeant Goins observed anyone using force against the Plaintiff. [Doc. 58-5: Goins Affid. at ¶ 9].

The Plaintiff received a medical assessment and was transported to an outside hospital. [Doc. 58-2: Defense Ex at 2 (Incident Report)]. On November 25, 2020, the Plaintiff received surgery for a nasal fracture. [Doc. 1-2: Complaint Ex at 14 (Inmate Notification regarding approved surgery for "nasal fracture repair"); id. at 16 (Atrium Health Report for Plaintiff's admission on Nov. 25, 2020, stating that he "sustained nasal fracture 9/17/202 confirmed by x-ray"); id. at 24 (Surgical Cytology Report)].

---

[8] In the Complaint the Plaintiff identified the individual who hit him at the nurse's station as Officer Poteat. [Doc. 1: Complaint at 7]. In his Affidavit, however, the Plaintiff concedes that this was a "mistake." [Doc. 68: Plaintiff's Affid. at 4].

7

The Defendants have submitted a video file [Doc. 58: Defense Ex 1(c)] containing footage from the housing wing that shows the following events:[9]

| | |
|---|---|
| 7:01:14 | Officers begin arriving at a ground-floor cell where smoke is emerging |
| 7:03:32 | An prisoner is removed from the smoky cell and is escorted off the wing; officers evacuate prisoners |
| 7:08:47 | Officers begin responding to a second-floor cell |
| 7:09:40 | The second-floor cell is opened with a puff of smoke, with approximately 10 officers gathered around |
| 7:10:01 | The Plaintiff is picked up from the ground and is escorted down the stairs and off of the wing by two officers |

## IV. DISCUSSION

### A. Plaintiff's Discovery Motion

Before addressing the Defendants' Motion for Summary Judgment, the Court will first address the Plaintiff's request for additional discovery. In his "Request to Review All Video Footages and to See All Discovery,"[10] the Plaintiff claims that "someone deleted all of the video footage[] that [he] requested to be held, except part of what happened on Red Unit A-block."

---

[9] The view of the cell door opening, the Plaintiff's exit from the cell, and the incidents that followed are largely obscured by second-story rails, officers' bodies, and smoke.

[10] It appears that the Plaintiff's request for "all" discovery refers only to video evidence. [See generally Doc. 62: Request]. In any event, the Defendants state in their Response that they served a copy of the responsive documents on the Plaintiff on April 22, 2022. [Doc. 65: Defendants' Response at 1]. The Plaintiff does not dispute this statement. [See Doc. 67: Plaintiff's Reply].

8

[Doc. 62: Request at 1]. He asks to "see all video footages that [he] requested to be held in [his] law suite and grievance," including "footages from Red Unit A-block door the Red Unit Nurses Station and the one that shows the footages from there to inmate receiving have all been deleted to cover up lies." [Id. at 2; see Doc. 67: Plaintiff's Reply at 1] (errors uncorrected). The Defendants filed a Response, and the Plaintiff filed a Reply. [Docs. 65: Defendants' Response; Doc. 27 Plaintiff's Reply].

In discovery, the Plaintiff requested "[a]ll camera footages for 9/17/2020 in this lawsuit." [Doc. 65-1: Defendants' Discovery Responses at 6]. He also asked "[w]hat did ya'll do with the camera footage that ya'll took of me between 10:00 am and 3:00 pm after I returned from Catawba Valley hospital I was placed in Beg seg in H-13. I also hope ya'll saved all camera footage for 9/17/2020 from 7:00 am till 9:00 am from Red Unit A block to Inmate receiving." [See id. at 5]. In response to these discovery requests, the Defendants provided the video that was filed as a summary judgment exhibit, which the Plaintiff viewed on April 8, 2022. [Id.; Doc. 65-2: Receipt & Acknowledgement]. The Defendants further responded that they do not have knowledge of the additional video footage that the Plaintiff requested. [Doc. 65-1: Defendants' Discovery Responses at 5].

9

It appears that the Plaintiff may be attempting to compel discovery. The parties were informed at this case's inception that "[m]otions to compel must be filed within the discovery period or they may be deemed waived." [Doc. 35: Pretrial Order at 10]; see also Surrett v. Consol. Metco, Inc., No. 1:11cv106, 2012 WL 1340548, at *2 (W.D.N.C. Apr.18, 2012) ("Generally, a party must move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely."); Anderson v. Caldwell County Sheriff's Office, No. 1:09-cv-423, 2011 U.S. Dist. LEXIS 144517, at *3-4 (W.D.N.C. Dec. 14, 2011) (Howell, M.J.) (same); Rudolph v. Buncombe County Gov't, No. 1:10-cv-203, 2011 WL 5326187, at *2 (W.D.N.C. Nov.4, 2011) (same). The present Request was filed more than four months after the discovery window closed. [See Doc. 35: Pretrial Order]. Therefore, to the extent that the Plaintiff is attempting to compel discovery, the Request is denied as untimely.[11] Moreover, the Court cannot compel the Defendants to produce video footage that does not exist.

---

[11] The Plaintiff filed several Letters during the discovery period, complaining that video evidence had been tampered with, deleted, and withheld. [Docs. 43, 45, 46: Letters]. However, he did not file a motion seeking the Court's assistance despite being notified that "Letters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court." [See Doc. 3: Order of Instructions at ¶ 5]. The Plaintiff did not properly submit these issues for the Court's consideration, and the Court is not obligated to litigate them on his behalf. See also Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants"); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985) (it is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind

To the extent that the Plaintiff seeks to avoid summary judgment by raising spoliation, this too is denied. "Spoliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Silvestri v. General Motors Corp., 271 F.3d 583, 590 (4th Cir. 2001) (citations omitted). The spoliation of evidence may give rise to court-imposed sanctions deriving from a court's inherent power to control the judicial process and litigation. Id. A court may, for instance, order dismissal, grant summary judgment, or permit an adverse evidentiary inference drawn against a party who destroys relevant evidence, to "level the evidentiary playing field and for the purpose of sanctioning improper conduct." Hartford Ins. Co. of Midwest v. Am. Auto. Sprinkler Sys., Inc., 23 F.Supp.2d 623, 626 (D. Md. 1998) (quoting Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995)). The adverse inference "suggests that the destroyed evidence would have been favorable to the party responsible for its destruction." Id. at 627 (citations omitted). Acts of spoliation, however, do not themselves give rise in civil cases to substantive claims or defenses. Silvestri, 271 F.3d at 590.

---

readers" or advocates for state prisoners or pro se litigants).

A party seeking sanctions for spoliation must prove the following elements:

> (1) [T]he party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a "culpable state of mind;" and (3) the evidence that was destroyed or altered was "relevant" to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it.

Goodman v. Praxair Services, Inc., 632 F.Supp.2d 494, 509 (2009) (quoting Thompson v. U.S. Dep't of Housing & Urban Dev., 219 F.R.D. 93, 100 (D. Md. 2003)).

The instant Request was filed more than four months after discovery closed, after the Defendants filed their Motion for Summary Judgment, and after the deadline to file dispositive motions expired. See note 10, *supra*. It was raised too late for the Court to resolve this issue on summary judgment. See, e.g., Goodman v. Praxair Servs., Inc., 632 F.Supp.2d 494 (D. Md. 2009) ("a particular need for [spoliation] motions to be filed as soon as reasonably possible after discovery of the facts that underlie the motion"); Ferrone v. Onorato, No. 05–303, 2007 WL 2973684, at *10 (W.D. Pa. Oct. 9, 2007) (spoliation argument should have been made in "appropriate discovery

12

motion," and not in "opposition to summary judgment [motion]"). Accordingly, the Plaintiff's motion is denied.

## B. Defendants' Motion for Summary Judgment

The Plaintiff asserts claims of excessive force against Officer Poteat, Officer Baker, Sergeant Goins, and Sergeant Moss, and a claim for failure to intervene against Sergeant Goins. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. Const. Amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component—that the harm inflicted was sufficiently serious—and subjective component—that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).

The Fourth Circuit recognizes a cause of action for bystander liability "premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416-17 (4th Cir. 2014) (quoting Randall v. Prince George's Cnty., 302 F.3d 188, 203 (4th Cir. 2002)). A "bystander officer" can be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a

reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall, 302 F.3d at 204.

With respect to Officer Poteat, the undisputed forecast of evidence establishes that this Defendant was not working on September 17, 2020 and thus was not involved in the occurrences of that day. Summary judgment therefore will be granted in favor of Officer Poteat, and the case is dismissed as to him.

With respect to Sergeant Goins and Officer Baker, the Defendants have presented a forecast of evidence, which is undisputed by the Plaintiff, that Sergeant Goins and Officer Baker were not among the officers who responded to the fire at the Plaintiff's cell and that they did not use any force against him. Further, it is undisputed that Sergeant Goins did not observe any force being used against the Plaintiff. Accordingly, summary judgment will be granted for Officer Baker with respect to the Plaintiff's excessive force claim and for Sergeant Goins with respect to the Plaintiff's excessive force claim and failure to intervene claim.

Finally, with respect to Sergeant Moss, the Plaintiff has presented a forecast of evidence that he was "forced out of [his] cell and slammed up against the rails," and that "several officers started punching & beating [him] in [his] head, the [he] was hit in the face with a fire extinguisher [and] was

slammed onto the floor." [Doc. 68: Plaintiff's Affid. at 1]. While it is undisputed that Sergeant Moss was among the officers who responded to the fire in Plaintiff's cell, and that Sergeant Moss directed Plaintiff to the ground, helped gain control of him, and escorted him to the nurse's station, the Plaintiff has not presented any forecast of evidence from which a reasonable jury could conclude that Sergeant Moss personally engaged in any excessive force against the Plaintiff. Liability for a constitutional violation cannot be imputed to Sergeant Moss merely by being present and participating in the restraint and transport of the Plaintiff. Accordingly, summary judgment is also granted with respect to the Plaintiff's claims against Sergeant Moss.

## IV. CONCLUSION

For the reasons stated herein, the Defendant's Motion for Summary Judgment is granted, and the Plaintiff's Motions are denied.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Defendants' Motion for Summary Judgment [Doc. 56] is **GRANTED,** and this case is hereby **DISMISSED WITH PREJUDICE**.

2. The Plaintiff's "Request to Review All Video Footages and to See All Discovery" [Doc. 62] is **DENIED.**

3. The Plaintiff's "Motion of Request for Extension for Affidavit" [Doc. 66] is **DENIED AS MOOT**.

The Clerk of Court is respectfully directed to terminate this civil case.

**IT IS SO ORDERED.**

Signed: March 7, 2023

Martin Reidinger
Chief United States District Judge